McKESSON & ROBBINS, INC. *v.* UNITED STATES (No. 4216)[1]

United States Court of Customs and Patent Appeals, October 30, 1939

*James W. Bevans* for appellant.

*Webster J. Oliver,* Assistant Attorney General (*William J. Vitale,* special attorney, of counsel), for the United States.

[Oral argument October 3, 1939, by Mr. Bevans and Mr. Oliver.]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

Appellant brought suit in the United States Customs Court, at the port of New York, to recover certain custom duties alleged to have been illegally exacted upon certain merchandise invoiced as Lavender Shaving Bowls, which consist of shaving soap contained in bowls.

The soap, including the value of the bowls, was assessed for duty by the collector at the rate of 30 per centum ad valorem under paragraph 80 of the Tariff Act of 1930 as toilet soap.

The collector considered the bowls to be unusual containers for the soap and in accordance with section 504 of the said act assessed thereon additional duty at the rate of 50 per centum ad valorem and 40 cents per pound under paragraph 33 of the said tariff act by similitude to articles provided for therein in chief value of galalith.

Appellant in its protests claims that the bowls are not unusual containers and not subject to the said additional duty.

After trial, judgment overruling the protests was rendered by a divided court. Upon appellant's motion the said judgment was vacated and a rehearing granted. At the rehearing the case was submitted on the original record and the trial court, again divided, gave judgment overruling the protests. From the judgment of the court below this appeal has been taken.

[1] C. A. D. 77.

Section 504 of the Tariff Act of 1930 reads:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

One witness testified at the trial. He was an officer of the Groville Sales Corporation, a. subsidiary of appellant. Just what his duties were the record does not show. He said he was in the sales department, but what he did there is not apparent. He had made requisitions on appellant for the merchandise here involved as needed. He knew that the Groville Sales Corporation was the sole sales agent for the imported goods. He testified the merchandise was never bought or sold by his company, except as imported herein. He had used several of the bowls of soap and when the soap was used threw the bowl away. He stated that within his experience the purpose of the bowl of the involved merchandise was to expose a large surface of the soap to the shaving brush. He also testified that the sole use of the bowl was to hold the soap.

A sample of the importation known as Exhibit 1, and Illustrative Exhibits A, B, C, and D were received in evidence. The illustrative exhibits are four bowls containing shaving soap, one of wood and three made of material similar to that of Exhibit 1. The illustrative exhibits were purchased by the witness at a drug store.

It is our opinion that the trial court properly overruled the protests. The record does not disclose that the witness was familiar with the purchase or sale of any shaving soap in bowls except the particular merchandise here involved. The record does not indicate that the kind of bowl herein is the usual container for this type of shaving soap used by the exporter or anyone else nor does the record show that the bowls were not designed for use otherwise than in the bona fide transportation of the merchandise. It may be, for all the record shows, that it is an unusual container made especially for appellant and no one else. There is no proof that the illustrative exhibits are not unusual containers. We think that appellant's evidence falls far short of establishing a *prima facie* case.

The law is well settled that the classification by the collector and his official acts are presumptively correct. Therefore, the presumption is that the bowls in question are unusual containers. Appellant had the burden of overcoming this presumption by competent evidence. This it has failed to do.

For the foregoing reasons the judgment appealed from is *affirmed*.